UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY MITCHELL**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 11-1323**

**HOWARD PRINCE, WARDEN**                                        **SECTION "I"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. It was reassigned to this Court. Rec. Doc. No. 12. Having reviewed the entire record, the Court finds that a federal evidentiary hearing is not necessary. See 28 U.S.C. §2254(e)(2).[1] For the reasons that follow, the Court recommends that the instant petition be dismissed with prejudice.

---

[1] Under 28 U.S.C. §2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. §2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. §2254(e)(2)(A)(I), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. §2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. §2254(e)(2)(B).

**PROCEDURAL HISTORY**[2]

The petitioner, Larry Mitchell, is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[3] Mitchell was charged by bill of information in St. Tammany Parish with one count of armed robbery, a violation of La. R.S. §14:64. Mitchell entered a plea of not guilty and proceeded to trial in the Twenty-Second Judicial District Court for the Parish of St. Tammany. The jury found Mitchell guilty as charged and the trial court sentenced him to a term of twenty years at hard labor without benefit of probation, parole, or suspension of sentence. The State subsequently instituted habitual offender proceedings against Mitchell. Following a hearing, the trial court adjudicated Mitchell to be a fourth felony habitual offender. The trial court vacated the original sentence and imposed a sentence of forty-five years at hard labor.

On May 7, 2010, the Louisiana First Circuit Court of Appeal affirmed Mitchell's conviction, habitual offender adjudication and sentence. State v. Mitchell, 39 So.3d 847 (Table), 2010 WL 1838318 (La. App. 1st Cir. 2010).[4] On December 17, 2010, the Louisiana

---

[2]A portion of the procedural history has been taken from the Louisiana First Circuit Court of Appeal's opinion, State v. Mitchell, 39 So.3d 847 (Table), 2010 WL 1838318 (La. App. 1 Cir. 2010).

[3]Rec. Doc. No. 1.

[4]St. Rec. Vol. 2 of 5.

Supreme Court denied Mitchell's writ application. State v. Mitchell, 51 So.3d 17 (La. 2010).[5] Mitchell did not file a writ of certiorari with the United States Supreme Court and did not seek state post-conviction relief. On June 3, 2011, Mitchell filed the instant habeas corpus application.[6] Mitchell raises one claim for relief, that the evidence presented at trial was insufficient to support his armed robbery conviction. In its response, the State submits that Mitchell's habeas petition is timely and Mitchell has exhausted his state court remedies.[7]

**FACTS**[8]

On May 11, 2008, Jonathan Johnson and Keoka Geary were both working at the Kangaroo convenience store on Voter's Road in Slidell, Louisiana. At approximately 7:00 p.m., Geary briefly left her register to get a drink. Johnson became aware that there were two men in the stock room. Because the stock room was off-limits to customers, Johnson walked over to determine why the men were there. When he reached the stock room, Johnson observed two men (one later identified as the defendant), each filling a trash bag with cartons of cigarettes. Johnson asked the men what they were

---

[5]St. Rec. Vol. 2 of 5.

[6]Rec. Doc. No. 1.

[7]Rec. Doc. No. 10, pp. 2-3.

[8]The facts have been taken from the Louisiana First Circuit's opinion, Mitchell, 2010 WL 1838318 at *1-2.

3

doing, but they merely looked up and continued placing the cartons into the bags. Several seconds later, the two men walked outside the store as Johnson followed them.

The defendant and the other man walked outside the store toward a black Infiniti that was backed into a space in front of the store. Johnson, who was now outside the store, grabbed the bag that the defendant carried over his shoulder. The defendant turned and raised his shirt, revealing a pistol tucked into his pants. Johnson then backed away, noted the license plate number of the vehicle the men entered, and returned inside to report the incident to the police. Johnson admitted when he called 911, he failed to indicate one of the men was armed. At trial, Johnson explained the sight of the pistol had made him fearful and "shook." Johnson reported the license plate number to the police as OME661.

During the ensuing investigation by the Slidell Police Department, the license number was traced to a black Infiniti registered to Penny Hicks. Hicks was contacted at her residence in New Orleans, and the vehicle towed, while a search warrant was obtained. During this investigation, the defendant was developed as a suspect. Although the vehicle was searched pursuant to a warrant, no significant evidence was recovered.

Photographic lineups were prepared, including a photograph of the defendant. These lineups were separately shown to Johnson and Geary, and both identified the defendant as the man who

4

participated in the robbery and raised his shirt to reveal a pistol. The defendant was subsequently arrested and charged with armed robbery. His accomplice was never identified. At trial, both Johnson and Geary identified the defendant in court as the perpetrator of this offense.

The defendant did not testify.

**STANDARD OF REVIEW**

28 U.S.C. §§2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. §2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. §2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. §2254(d)(1)

and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485. The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. at 792-93; Hill, 210 F.3d at 485. "'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." Neal v.

6

Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

**INSUFFICIENCY OF EVIDENCE**

Mitchell argues that there was insufficient evidence to support his armed robbery conviction. Mitchell admits "that he entered the store and stole the cigarettes," but contends he was not armed with a weapon and did not intimidate the victims.[9]

On federal habeas review, an insufficient evidence claim presents a mixed question of law and fact. Perez v. Cain, 529 F.3d 588, 594 (5th Cir. 2008); Maes v. Thomas, 46 F.3d 979, 988 (10th Cir. 1995). Therefore, this Court must examine whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

Under Jackson v. Virginia, 443 U.S. 307 (1979), this Court must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. Id., 443 U.S. at 319; Perez v. Cain, 529 F.3d 588, 594 (5th Cir. 2008); Williams v. Cain, 408 Fed.

---

[9]Rec. Doc. No. 1, p. 18.

Appx. 817, 821 (5th Cir. 2011). Thus, to determine whether the commission of a crime is adequately supported by the record, a court must review the substantive elements of the crime as defined by state law. Perez, 529 F.3d at 594 (citing Jackson, 443 U. S. at 324 n. 16). The court's consideration of the sufficiency of the evidence extends only to what was presented at trial. See McDaniel v. Brown, 558 U.S. 120, 130 S.Ct. 665, 672, 674 (2010) (recognizing that a reviewing court is to consider the trial evidence as a whole under Jackson); Johnson v. Cain, 347 Fed. Appx. 89, 91 (5th Cir. 2009) (Jackson standard relies "upon the record evidence adduced at the trial.") (quoting Jackson, 443 U.S. at 324).

Review of the sufficiency of the evidence, however, does **not** include review of the **weight** of the evidence or the **credibility** of the witnesses, because those determinations are the exclusive province of the jury. United States v. Young, 107 Fed. Appx. 442, 443 (5th Cir. 2004) (citing United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993)); see also Jackson, 443 U.S. at 319 (noting that it is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). Thus, all credibility choices and conflicting inferences must be resolved in favor of the verdict. Ramirez v. Dretke, 398 F.3d 691, 695 (5th Cir. 2005).

A reviewing federal habeas court is **not** authorized to substitute its interpretation of the evidence or its view of the

credibility of witnesses for that of the fact-finder. Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985). In addition, "[t]he Jackson inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'" Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001) (quoting Herrera v. Collins, 506 U.S. 390, 402 (1993)).

Mitchell was charged with and convicted of armed robbery. Armed robbery is defined as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, <u>by use of force or intimidation, while armed with a dangerous weapon</u>." La. Rev. Stat. §14:64(A) (emphasis added). "Armed robbery is a general intent crime. In general intent crimes, the criminal intent necessary to sustain a conviction is shown by the very doing of the acts that have been declared criminal." Mitchell, 2010 WL 1838318 at *5 (citations omitted).

Mitchell argues that the State failed to prove that he used force or intimidation while armed with a gun when he robbed the store of cigarette cartons. A review of the trial transcript reflects that the State's primary witness, Jonathan Johnson, testified repeatedly that Mitchell flashed a gun.

>     DIRECT EXAMINATION:
>     A. They [the robbers] proceeded to leave out the storeroom, out the store, and that's when I got on the outside of the store by the door. I grabbed the bag, and

> the gentleman flashed the gun to me, and that's when I
> backed off. [Emphasis added.][10]

> CROSS-EXAMINATION:
> Q. What did you tell the police that night?
> A. Basically that they had been stuffing the trash bags
> full of cigarettes. They got the bags, proceeded to go
> out the store, [I] grabbed the bag, and the gentleman
> flashed the gun. [Emphasis added.][11]

Reading from the statement he provided to police, Johnson testified:

> I saw two guys in the back storeroom. I went toward the
> room where they were at. They left with two trash bags
> filled with cigarettes. When I went outside towards the
> guy, [I] grabbed the bag, he lifted up his shirt, and he
> had a gun in his pants. That's when I backed off....
> [Emphasis added.][12]

Mitchell asserts that the jury "erred in believing Mr. Johnson's version of [events]"[13] because Johnson made no mention of a gun in his 911 call, no gun was recovered and Johnson "concocted the story" that Mitchell had a gun to justify the fact that Johnson did nothing to prevent the robbery.

The trial transcript reflects that the 911 call was played for the jury and Johnson admitted that he did not tell the dispatcher that any gun was involved in the robbery.

DIRECT EXAMINATION:
Q. Can you identify that voice?

---

[10]St. Rec. Vol. 4 of 5; trial transcript at p. 331.

[11]St. Rec. Vol. 4 of 5; trial transcript at p. 368.

[12]St. Rec. Vol. 4 of 5; trial transcript at p. 370.

[13]Rec. Doc. No. 1, p. 19.

A. Yes, sir.
Q. Is that your voice?
A. Yes, sir.
Q. Okay. That's the same tape you heard before?
A. Yes, sir.
Q. Who is that in the background you're talking about?
A. That's Keoka Geary.
Q. Who is she?
A. My coworker at the time.
Q. You just heard those series of 911 tapes, right?
A. Yes, sir.
Q. <u>Did you mention to that dispatcher that you saw any sort of weapon</u>?
A. <u>No, sir</u>. [Emphasis added.][14]

A review of the transcript also reflects that the jury was aware that no gun was recovered. No gun was introduced at trial and, as noted by the state appellate court in its recitation of the facts presented at trial, a search of the getaway car, a black Infiniti, uncovered "no significant evidence."[15]

Jurors heard that Johnson's version of events, specifically, that Mitchell had a gun, was inconsistent with what Johnson relayed to the 911 operator. The jury was also aware that during the police investigation no gun was recovered. No evidence was presented to support Mitchell's claim that Johnson's testimony was incredible because it was motivated by Johnson's alleged desire to cover-up his cowardice in not confronting the robbers while in the store. The undisputed fact is that the jury clearly believed Johnson's testimony, a credibility determination function that was

---

[14]St. Rec. Vol. 4 of 5; trial transcript at p. 335.

[15]<u>Mitchell</u>, 2010 WL 1838318 at *2.

fully in the exclusive province of the jury, and rendered a guilty verdict accordingly.

Mitchell also claims that there was insufficient evidence to support his conviction because Johnson's testimony was uncorroborated by his co-worker, Keoka Geary. A review of the trial transcript reflects that while Geary admitted that she did not remember most of the details surrounding the robbery, she stated that Mitchell had a gun.[16] Mitchell has submitted an affidavit from Geary in which she recants her trial testimony, attesting that "at no time did she see one of the men display a weapon...."[17]

Mitchell's state court proceedings ended on December 17, 2010, when the Louisiana Supreme Court denied his writ application.[18] Geary's affidavit is dated over three months later, April 3, 2011. There is no dispute that Geary's affidavit was not presented to the state courts.[19]

In Cullen v. Pinholster, 131 S.Ct. 1388, 1389 (2011), the Court held that in a situation where the state court adjudicated a petitioner's claim on the merits, habeas review "is limited to the record that was before the state court" (emphasis added). In this

---

[16]St. Rec. Vol. 5 of 5; trial transcript at pp. 391, 401-06.

[17]Rec. Doc. No. 1, pp. 28-29.

[18]See supra at pp. 2-3.

[19]Rec. Doc. No. 11, p. 1.

case, Mitchell's insufficient evidence claim was squarely adjudicated on the merits by the Louisiana First Circuit Court of Appeal. Mitchell, 2010 WL 1838318 at *4-5. The Louisiana Supreme Court is presumed to have relied upon the same grounds as the Louisiana First Circuit's reasoned opinion in denying Mitchell's related writ application. See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion). Thus, because Geary's affidavit was not presented to the state courts, this Court is precluded from considering the affidavit.

Additionally, Mitchell argues that because the evidence reflected that neither he nor his accomplice spoke to the victims or even acknowledged their presence, there was insufficient evidence to support a finding that he used "force or intimidation" in committing the robbery.[20]

A review of the trial transcript reflects that while Mitchell did not act in a threatening manner inside the store, the same cannot be said once he exited the store. Johnson testified:

> A. So I proceeded to go back in the back room, and there were two gentlemen stuffing two trash bags full of cigarettes. And I asked them what are you-all doing, and

---

[20]Rec. Doc. No. 1, pp. 20, 22, 24, and 26.

13

they looked at me and kept stuffing. So they proceeded to leave out the room, and as they was leaving out the room, I followed behind them.
Q. Did they stop at any of the things you're telling them? Did they acknowledge your presence?
A. They looked at me, sir, and they put the cigarettes in and kept stuffing the bags. They proceeded to leave out the storeroom, out the store, and that's when I got on the outside of the store by the door. <u>I grabbed the bag, the gentleman flashed the gun to me, and that's when I backed off</u>.[21]

Mitchell attempts to circumvent the evidence that he used force and intimidation and flashed a gun once outside the store by arguing that once he was outside the robbery was over, he had already taken the cigarette cartons.[22] Mitchell's argument in this regard has been raised by other defendants and soundly rejected.

In <u>State v. Brown</u>, 77 So.3d 297, 299 (La. App. 1 Cir. 2011), the defendant argued that there was insufficient evidence to prove all the elements of armed robbery because the evidence reflected that there was no use of a weapon or threats during the commission of the robbery. The victim did not observe him with a knife until he was in the store's parking lot. The Louisiana First Circuit found no merit to defendant's argument, determining that while the defendant did not use force or intimidation by brandishing a weapon when he took the money from the cash drawer, he did so "in an attempt to facilitate an escape, the final step in the series of events." <u>Id</u>. at 301. <u>See</u> <u>also</u> <u>State v. Bridges</u>, 444 So.2d 721,

---

[21] St. Rec. Vol. 4 of 5, p. 331 (emphasis added).

[22] Rec. Doc. No. 1, p. 22.

14

726 (La. App. 5 Cir. 1984) (elements of armed robbery were met even though a gun was not used for force or intimidation until after the money was in the possession of the perpetrators).

In Harris v. Quarterman, 2008 WL 4791375, *4 (N.D. Tex. Oct. 30, 2008) (adopted, Kinkeade, J.), petitioner argued that there was insufficient evidence to support his conviction for aggravated assault with a deadly weapon. Specifically, petitioner asserted that there was insufficient evidence to show that he had a weapon and that he threatened the victim. Id. The basis of petitioner's claim was that there was conflicting testimony and the testimony of the victim was not credible. Id. In rejecting petitioner's argument the court observed that "[u]nder the Jackson standard," it is within the sole province of the fact-finder to weigh the evidence presented and resolve conflicts in the testimony. The court reiterated the well-established rule that "a federal habeas court should not substitute its view of the evidence for that of the fact-finder." Id. (citing Alexander, 775 F.2d at 598). See also Black v. Thaler, 2010 WL 1996893, *6 (N.D. Tex. 2010) (when faced with conflicting testimony, federal habeas courts presume the trier of fact resolved the conflict in favor of the verdict and defer to that resolution).

Viewing the evidence in the light most favorable to the prosecution, the Court finds that a rational trier of fact could easily have found that the essential elements of armed robbery,

specifically, that Mitchell took the cigarette cartons by use of force or intimidation while armed with a gun, were proven beyond a reasonable doubt. The state courts' rejection of Mitchell's insufficient evidence claim does not represent an unreasonable application of Supreme Court precedent to the facts of this case.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Larry Mitchell for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

New Orleans, Louisiana, this 20th day of December, 2012.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[23] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend the period to fourteen days.

16